```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

EDWIN GUNN.                        )
            Petitioner,            )
                                   )   Civil Action No. 04-40053-
WGY
         v.                        )
                                   )
DAVID WINN, WARDEN                 )
            Respondent.            )
```

## MEMORANDUM AND ORDER

On April 13, 2004, Edwin Gunn, now incarcerated at FMC Devens, filed a Section 2241 petition. For the reasons set forth below, the habeas petition is dismissed

## BACKGROUND

Mr. Gunn, through the instant Section 2241 petition, seeks to be re-sentenced, arguing that "ACC is no longer applicable to [his] sentence." See Petition, ¶¶, 3(c), 14. Petitioner states that he has previously challenged his conviction and argues that "because back in 2001 I was time barred [and] as of now I can file a '2241' see US vs Gadson." See Petition, ¶ 4.

Petitioner was convicted by a jury on September 11, 1996, of being a felon in possession of a handgun in violation of 18 U.S.C. § 922(g)(1). See United States v. Gunn, No. 96cr10055-WGY (D. Mass. Feb. 21, 1996). At sentencing, he was found to be an armed career criminal, as defined in 18 U.S.C. § 924(e), and sentenced to 216 months in prison and a five-year term of

supervised release.  Id.

Petitioner appealed and the judgment and conviction were affirmed by the First Circuit in an unpublished opinion.  See United States v. Gunn, No. 97-1498, 1998 WL 60404, 141 F.3d 1150 (1st Cir. Feb. 10, 1998).  The United States Supreme Court denied certiorari on June 15, 1998.  See Gunn v. United States, 524 U.S. 932, 118 S. Ct. 2332, 141 L. Ed. 2d 705 (1998).

Petitioner previously sought relief through several section 2255 motions which were denied.  See Gunn v. United States, No. 98-11765 (D. Mass. Aug. 15, 1998); Gunn v. United States, No. 98-12229 (D. Mass. Oct. 26, 1998); Gunn v. United States, No. 99-10708 (D. Mass. Mar. 30, 1999); and Gunn v. United States, No. 00-10237 (D. Mass. Feb. 8, 2002).

Petitioner also filed several applications with the United States Court of Appeals for the First Circuit seeking leave to file second or successive Section 2255 petitions. Gunn v. United States, No. 99-1993 (1st Cir. 1999) (denying petitioner's application for leave to file a second or successive § 2255 petition); Gunn v. United States, No. 1545 (1st Cir. 1999) (denying petitioner's application for leave to file a second or successive § 2255 petition); Gunn v. United States, No. 00-1880 (1st Cir. 2000) (denying petitioner's

application for leave to file a second or successive § 2255 petition); and <u>Gunn v. United States</u>, No. 03-2287 (1st Cir. 2003) (denying petitioner's application for leave to file a second or successive § 2255 petition).

DISCUSSION

I.   Petitioner Has Not Paid the Requisite
     Filing Fee Or Submitted An Application
     <u>to Proceed Without Prepayment of the Fees</u>

A party filing an action in this Court must either (1) pay the $5.00 filing fee for habeas corpus actions or (2) file an application to proceed without prepayment of fees on the form required by this Court entitled "Application to Proceed Without Prepayment of Fees and Affidavit" (the "Application"). <u>See</u> Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1914(a) (fees); 28 U.S.C. § 1915 (proceedings <u>in forma pauperis</u>).

Here, petitioner submitted a one-page statement of indigency and failed to attach, as indicated on the statement, a copy of his prison account statement for the previous six months. <u>See</u> Docket No. 1. Generally a petitioner who has not paid the filing fee or submitted an application for waiver of the filing fee is granted additional time to do so. However, because this action is subject to dismissal for the reasons stated below, the Court will not grant petitioner additional

3

time to pay the fee or submit an Application to Proceed Without Prepayment of Fees.

   II.   **The Section 2241 Petition is Subject to Dismissal**

   A.   **Standard of Review**

Although this petition was brought pursuant to Section 2241 and not Section 2254, the rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas petitions.  See Rule 1(b) of the Rules Governing Section 2254 proceedings; Perez v. Hemingway, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

Under Rule 4(b) of the Rules Governing Section 2254 proceedings, the Court is required to examine a petition, and if it "plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal." Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face).  A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law.  Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994).

   B.   **The Section 2241 Petition**

Although 28 U.S.C. § 2241 provides that the Court has the

4

power to issue the writ if a prisoner is in custody "in violation of the Constitution or laws or treaties of the United States," the case law is clear that only Section 2255 permits collateral attacks on the judgment of conviction." A motion under 28 U.S.C.A. § 2255 is a substitute for a writ of habeas corpus providing an exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself." United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980), quoted in Rogers v. United States, 180 F.3d 349, 357 n. 15 (1st Cir. 1999), cert. denied, 528 U.S. 1126, 120 S. Ct. 958, 145 L. Ed. 2d 831 (2000).

Section 2241 is generally used to challenge the execution of a sentence, whereas Section 2255 is used to challenge the validity of the sentence itself. Rogers, 180 at 357. A motion pursuant to Section 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, types of detention and prison conditions. See Gonzalez v. United States, 150 F. Supp. 2d 236, 240 (D. Mass. 2001).

As Petitioner's challenge is clearly to the "sentence as

5

imposed," rather than to the "sentence as executed," he ordinarily would seek relief from the sentencing court pursuant to 28 U.S.C. § 2255.[1]  However, in order to file a motion under Section 2255 in the sentencing court, Petitioner would need to comply with that statute's one-year limitations period.  The "savings clause" provision of Section 2255 provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S.C. § 2255 (emphasis added).

Pursuant to this "savings clause," a federal prisoner can challenge his conviction and sentence under Section 2241 if the prisoner can establish that the remedy afforded under Section 2255 is inadequate or ineffective to test the legality

---

[1] Section 2255 provides in part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." See 28 U.S.C. § 2255.

of his detention.  United States v. Barrett, 178 F.3d 34, 49-50 (1st Cir. 1999), cert. denied, 528 U.S. 1176, 120 S. Ct. 1208, 145 L. Ed. 2d 1110 (2000).  The prisoner bears the burden of proving that the remedy under Section 2255 is inadequate.  Charles v. Chandler, 180 F.2d 753, 756 (6th Cir. 1999) (per curiam).

    In his petition, Petitioner argues that he is no longer time barred from filing and references United States v. Gadson.  See Petition, ¶ 4.  The remedy afforded by Section 2255 is not rendered inadequate or ineffective merely because an individual is procedurally barred under Section 2255. Calvache v. Benov, 183 F. Supp. 2d 124, 126-127 (D. Mass. 2001) (citing Barrett, 178 F.3d at 50; In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998); Triestman v. United States, 124 F.3d 361, 376 (2d Cir. 1997); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).  "Such a result would make Congress's ... amendment of [section] 2255 a meaningless gesture."  Barrett, 178 F.3d at 50, quoted in +Sustache-Rivera v. United States, 221 F.3d, 8, 16 n. 13 (1st Cir. 2000).

    To the extent petitioner references one or two unpublished opinions where federal prisoners unsuccessfully argued they were not career offenders, see United States v. Gadson, No. 02-4740 (2003 WL 22673835(4th Cir. 2003); United

States v. Gadson, Nos. 01-4979, 01-4983 (2003 WL 21697223 (4th Cir. 2003), these opinions do not provide a basis for finding petitioner's Section 2255 remedy inadequate.

## CONCLUSION

Because Petitioner is challenging the validity of his sentence and has not demonstrated that his remedy under Section 2255 is inadequate or ineffective, he has no remedy under Section 2241.

## ORDER

ACCORDINGLY, this habeas petition is dismissed.

SO ORDERED.

Dated at Boston, Massachusetts, this 26th day of April, 2004.

                                        /s/ William G. Young

                                        WILLIAM G. YOUNG
                                        CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT